1  LYNN HUBBARD, III, SBN 69773
2  SCOTTLYNN J HUBBARD, IV, SBN 212970
   **DISABLED ADVOCACY GROUP, APLC**
3  12 Williamsburg Lane
   Chico, CA 95926
4  Telephone: (530) 895-3252
5  Facsimile: (530) 894-8244

6  Attorneys for Plaintiff



FILED
JUN 23 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY       CP       DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA HUBBARD,<br><br>   Plaintiff,<br><br>vs.<br><br>JILL LINDSTEDT dba<br>McDONALD'S #1557;<br>McDONALD'S CORP.,<br><br>   Defendants. | No.  '08 CV 1110 DMS BLM<br><br>**Plaintiff's Complaint** |

*Hubbard v. Lindstedt, et al.*
**Plaintiff's Complaint**

Page 1

## I. SUMMARY

1. This is a civil rights action by plaintiff Barbara Hubbard ("Hubbard") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

McDonald's #1557
1110 3rd Avenue
Chula Vista, CA 91911
(hereafter "the Restaurant")

2. Hubbard seeks damages, injunctive and declaratory relief, attorney fees and costs, against Jill Lindstedt dba McDonald's #1557 and McDonald's Corp. (hereinafter collectively referred to as "McDonald's") pursuant to the Americans with Disabilities Act of 1990, ( 42 U.S.C. §§ 12101 et seq.), and related California statutes.

## II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5. Hubbard's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. PARTIES

7. McDonald's owns, operates, and/or leases the Restaurant, and consists of a person (or persons), firm, and/or corporation.

1  8. Hubbard has multiple conditions that affect one or more major life
2  functions. She requires the use of motorized wheelchair and a mobility-equipped
3  vehicle, when traveling about in public. Consequently, Hubbard is "physically
4  disabled," as defined by all applicable California and United States laws, and a
5  member of the public whose rights are protected by these laws.

## V. FACTS

7  9. The Restaurant is an establishment serving food and drink, open to
8  the public, which is intended for nonresidential use and whose operation affects
9  commerce.

10  10. Hubbard visited the Restaurant and encountered barriers (both
11  physical and intangible) that interfered with—if not outright denied—her ability
12  to use and enjoy the goods, services, privileges, and accommodations offered at
13  the facility. To the extent known by Hubbard, the barriers at the Restaurant
14  included, but are not limited to, the following:

- There is no tow away signage posted and/or the tow away signage posted is not correct;
- There is no accessible route from the public way to the Restaurant;
- The disabled parking spaces are too short;
- The disabled parking spaces have slopes and cross slopes that exceed 2.0%;
- The adjacent access aisles have slopes and cross slopes that exceed 2.0%;
- The signage provided in the van accessible space is not correct;
- The International Symbol of Accessibility (hereinafter referred to as "ISA") mounted at one of the entrance doors is not located on the strike side and at 60 inches center from the floor;
- At least one entrance door is lacking an ISA to indicate that the Restaurant is accessible to the disabled;

*Hubbard v. Lindstedt, et al.*
Plaintiff's Complaint

Page 3

- The food service counter is too high and does not have a portion lowered to accommodate patrons in wheelchairs;
- The pay point machines are mounted too high;
- There is no seating designated as accessible to the disabled inside the Restaurant;
- There is no disabled seating inside the Restaurant;
- There is not seating designated as accessible to the disabled in the outdoor play area;
- There is no accessible seating in the outdoor play area;
- The stall door is not self closing;
- The stall door hardware requires pinching, grasping, and/or twisting to operate;
- The flush valve of the water closet is located on the wrong side;
- The water closet is an obstruction to the use of the disposable seat cover dispenser;
- The disposable seat cover dispenser is mounted behind the water closet and is therefore out of the required reach range limits;
- The disposable seat cover dispenser is mounted at more than 40 inches from the floor;
- The toilet tissue dispenser is mounted above the grab bar and is more than 12 inches from the front of the water closet;
- The toilet tissue dispenser is an obstruction to the use of the side grab bar;
- The side grab bar is not mounted 12 inches from the back wall
- The pipes underneath the lavatory are improperly and/or incompletely wrapped;
- The mirror is mounted more than 40 inches from the floor; and,
- When exiting the restroom, there is not the required 18 inches of strike side clearance.

1  These barriers prevented Hubbard from enjoying full and equal access.

2  11.  Hubbard was also deterred from visiting the Restaurant because she knew that the Restaurant's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as herself). She continues to be deterred from visiting the Restaurant because of the future threats of injury created by these barriers.

12.  Hubbard also encountered barriers at the Restaurant, which violate state and federal law, but were unrelated to her disability. Nothing within this Complaint, however, should be construed as an allegation that Hubbard is seeking to remove barriers unrelated to her disability.

13.  McDonald's knew that these elements and areas of the Restaurant were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, McDonald's has the financial resources to remove these barriers from the Restaurant (without much difficulty or expense), and make the facility accessible to the physically disabled.  To date, however, McDonald's refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14.  At all relevant times, McDonald's has possessed and enjoyed sufficient control and authority to modify the Restaurant to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. McDonald's has not removed such impediments and has not modified the Restaurant to conform to accessibility standards. McDonald's has intentionally maintained the Restaurant in its current condition and has intentionally refrained from altering the Restaurant so that it complies with the accessibility standards.

15. Hubbard further alleges that the (continued) presence of barriers at the Restaurant is so obvious as to establish McDonald's discriminatory intent.[1] On information and belief, Hubbard avers that evidence of this discriminatory intent includes McDonald's refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Restaurant; conscientious decision to the architectural layout (as it currently exists) at the Restaurant; decision not to remove barriers from the Restaurant; and allowance that the Restaurant continues to exist in its non-compliant state. Hubbard further alleges, on information and belief, that McDonald's is not in the midst of a remodel, and that the barriers present at the Restaurant are not isolated (or temporary) interruptions in access due to maintenance or repairs.[2]

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990

<u>Denial of "Full and Equal" Enjoyment and Use</u>

16. Hubbard incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18. McDonald's discriminated against Hubbard by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Restaurant during each visit and each incident of deterrence.

---

[1] E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
[2] Id.; 28 C.F.R. § 36.211(b)

*Hubbard v. Lindstedt, et al.*
**Plaintiff's Complaint**

Page 6

### Failure to Remove Architectural Barriers in an Existing Facility

19. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

20. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21. Here, Hubbard alleges that McDonald's can easily remove the architectural barriers at the Restaurant without much difficulty or expense, and that McDonald's violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22. In the alternative, if it was not "readily achievable" for McDonald's to remove the Restaurant's barriers, then McDonald's violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

23. On information and belief, the Restaurant was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

24. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25. Here, McDonald's violated the ADA by designing or constructing (or both) the Restaurant in a manner that was not readily accessible to the

1  physically disabled public—including Hubbard—when it was structurally
2  practical to do so.[3]

### Failure to Make an Altered Facility Accessible

4  26. On information and belief, the Restaurant was modified after January 26, 1992, independently triggering access requirements under the ADA.

27. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

28. Here, McDonald's altered the Restaurant in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Hubbard—to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

29. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30. Here, McDonald's violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Restaurant, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

---

[3] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Hubbard v. Lindstedt, et al.*
**Plaintiff's Complaint**

31.  Hubbard seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32.  Hubbard also seeks a finding from this Court (*i.e.*, declaratory relief) that McDonald's violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CLAIM

**Disabled Persons Act**

33.  Hubbard incorporates the allegations contained in paragraphs 1 through 30 for this claim.

34.  California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

35.  California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

36.  Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

37.  Here, McDonald's discriminated against the physically disabled public—including Hubbard—by denying them full and equal access to the Restaurant.  McDonald's also violated Hubbard's rights under the ADA, and, therefore, infringed upon or violated (or both) Hubbard's rights under the Disabled Persons Act.

38.  <u>For each offense</u> of the Disabled Persons Act, Hubbard seeks actual damages (both general and special damages), statutory minimum damages of one

*Hubbard v. Lindstedt, et al.*
**Plaintiff's Complaint**

Page 9

1 thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39. She also seeks to enjoin McDonald's from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM
### Unruh Civil Rights Act

40. Hubbard incorporates the allegations contained in paragraphs 1 through 30 for this claim.

41. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42. California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

44. McDonald's aforementioned acts and omissions denied the physically disabled public—including Hubbard—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

45. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Hubbard by violating the Unruh Act.

46. Hubbard was damaged by McDonald's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

47. Hubbard also seeks to enjoin McDonald's from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

48. Hubbard incorporates the allegations contained in paragraphs 1 through 13 for this claim.

49. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

50. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51. Hubbard alleges the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Restaurant was not exempt under Health and Safety Code § 19956.

52. McDonald's non-compliance with these requirements at the Restaurant aggrieved (or potentially aggrieved) Hubbard and other persons with physical disabilities. Accordingly, she seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. PRAYER FOR RELIEF

WHEREFORE, Hubbard prays judgment against McDonald's for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that McDonald's violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

1  3.   Statutory minimum damages under either sections 52(a) or 54.3(a) of the
2  California Civil Code (but not both) according to proof.
3  4.   Attorneys' fees, litigation expenses, and costs of suit.[4]
4  5.   Interest at the legal rate from the date of the filing of this action.

DATED: June 19, 2008                DISABLED ADVOCACY GROUP, APLC

_____
LYNN HUBBARD, III
Attorney for Plaintiff

---

[4] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Hubbard v. Lindstedt, et al.*
**Plaintiff's Complaint**

Page 12

```
          UNITED STATES
          DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
             SAN DIEGO DIVISION

       # 152184      - TC

          June 23, 2008
            15:14:33


         Civ Fil Non-Pris
   USAO #.: 08CV1110
   Judge..: DANA M SABRAW
   Amount.:              $350.00 CC



   Total->   $350.00



   FROM: HUBBARD VS LINDSTEDT
```

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BARBARA HUBBARD

**DEFENDANTS**
JILL LINDSTEDT dba McDONALD'S #1557; McDONALD'S CORP.

(b) County of Residence of First Listed Plaintiff  **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED JUN 23 2008 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)
LYNN HUBBARD, III   DISABLED ADVOCACY GROUP, APLC
12 Williamsburg Lane  Chico, CA 95926   (530) 895-3252

Attorneys (If Known)  **'08 CV 1110 DMS BLM**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☒ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 12101, et seq.
Brief description of cause:
Ongoing violations of the ADA Construction Standards

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  06/19/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____