1  Cathy L. Arias, CASB# 141989
   BURNHAM BROWN
2  A Professional Law Corporation
   P.O. Box 119
3  Oakland, California 94604
   ---
4  1901 Harrison Street, 11th Floor
   Oakland, California  94612
5  Telephone:    (510) 444-6800
   Facsimile:    (510) 835-6666
6  Email:        carias@burnhambrown.com

7  Attorneys for Defendant
   JILL LINDSTEDT dba MCDONALD'S #1557

8

9

10              UNITED STATES DISTRICT COURT

11              SOUTHERN DISTRICT OF CALIFORNIA

12

13  BARBARA HUBBARD,                    No.: 08 CV 1110 DMS (BLM)

14          Plaintiff,                  DEFENDANT JILL LINDSTEDT dba
                                        MCDONALD'S #1557 ANSWER TO
15  v.                                  PLAINTIFF BARBARA HUBBARD'S
                                        COMPLAINT
16  JILL LINDSTEDT dba MCDONALD'S
    #1557; McDONALD'S CORPORATION,      Complaint Filed:  June 23, 2008
17
            Defendants.
18

19

20        Defendant JILL LINDSTEDT dba MCDONALD'S #1557 ("Defendant") hereby

21  responds to Plaintiff BARBARA HUBBARD's ("Plaintiff") Complaint ("Complaint") for

22  damages, injunctive and declaratory relief, attorney fees and costs as follows:

23        1.      As to paragraph 1 of Plaintiff's Complaint, this paragraph contains Plaintiff's

24  characterization of his claims, to which no response is required.  To the extent a response is

25  deemed required, Defendant denies the allegations, except to admit that the subject restaurant is

26  located at the address specified in this paragraph.

27  ///

28  ///

2.      As to paragraph 2 of Plaintiff's Complaint, this paragraph contains Plaintiff's characterization of his claims, to which no response is required.  To the extent a response is deemed required, Defendant denies each and every allegation contained therein.

3.      As to paragraph 3 of Plaintiff's Complaint, this paragraph contains Plaintiff's jurisdictional allegations to which no response is required.  To the extent a response is required; Defendant admits that this Court has jurisdiction over the subject matter of Plaintiff's claims. Except as expressly admitted above, Defendant denies each and every allegation contained therein.

4.      As to paragraph 4 of Plaintiff's Complaint, this paragraph contains Plaintiff's supplemental jurisdictional allegations to which no response is required.  To the extent a response is required; Defendant admits that this Court has jurisdiction over the subject matter of Plaintiff's claims.  Except as expressly admitted above, Defendant denies each and every allegation contained therein.

5.      As to paragraph 5 of Plaintiff's Complaint, this paragraph contains Plaintiff's allegations of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

6.      As to paragraph 6 of Plaintiff's Complaint, this paragraph contains Plaintiff's allegations of venue to which no response is required.  To the extent a response is required; Defendant admits that venue is proper in this Court.  Except as expressly admitted above, Defendant denies each and every allegation contained therein.

7.      As to paragraph 7 of Plaintiff's Complaint, Defendant denies the allegations except to admit that Defendant owns and operates the subject restaurant.

8.      As to paragraph 8 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained therein, and on that basis deny each and every allegation.

9.      As to paragraph 9 of Plaintiff's Complaint, Defendant admits that the subject restaurant is "an establishment serving food and drink, open to the public, which is intended for nonresidential use." Except as expressly admitted above, Defendant denies each and every

1   allegation contained therein.

2       10.    As to paragraph 10 of Plaintiff's Complaint, Defendant lacks sufficient

3   knowledge or information to form a belief as to the truthfulness of the allegations contained

4   therein, and on that basis deny each and every allegation.

5       11.    As to paragraph 11 of Plaintiff's Complaint, Defendant lacks sufficient

6   knowledge or information to form a belief as to the truthfulness of the allegations contained

7   therein, and on that basis deny each and every allegation.

8       12.    As to paragraph 12 of Plaintiff's Complaint, Defendant lacks sufficient

9   knowledge or information to form a belief as to the truthfulness of the allegations contained

10  therein, and on that basis deny each and every allegation.

11      13.    As to paragraph 13 of Plaintiff's Complaint, Defendant denies each and every

12  allegation contained therein.

13      14.    As to paragraph 14 of Plaintiff's Complaint, Defendant denies each and every

14  allegation contained therein.

15      15.    As to paragraph 15 of Plaintiff's Complaint, Defendant denies each and every

16  allegation contained therein.

17      16.    As to paragraph 16 of Plaintiff's Complaint, Defendant incorporates its responses

18  to Paragraphs 1 through 15 of Plaintiff's Complaint herein as if separately pleaded.

19      17.    As to paragraph 17 of Plaintiff's Complaint, this paragraph contains Plaintiff's

20  allegations paraphrasing the statutory language of 42 U.S.C. § 12182 to which no response is

21  required.  To the extent a response is required, Defendant denies each and every allegation

22  contained therein, except to refer to the language of the referenced statute, which speaks for

23  itself.

24      18.    As to paragraph 18 of Plaintiff's Complaint, Defendant denies each and every

25  allegation contained therein.

26      19.    As to paragraph 19 of Plaintiff's Complaint, this paragraph contains Plaintiff's

27  allegations paraphrasing the statutory language of U.S.C. § 12182 to which no response is

28  required.  To the extent a response is required, Defendant denies each and every allegation

1   contained therein, except to refer to the language of the referenced statute, which speaks for

2   itself.

3       20.    As to paragraph 20 of Plaintiff's Complaint, this paragraph contains Plaintiff's

4   allegations paraphrasing the statutory language of Title III of the ADA to which no response is

5   required.  To the extent a response is required, Defendant denies each and every allegation

6   contained therein, except to refer to the language of the referenced statute, which speaks for

7   itself.

8       21.    As to paragraph 21 of Plaintiff's Complaint, Defendant denies each and every

9   allegation contained therein.

10      22.    As to paragraph 22 of Plaintiff's Complaint, Defendant denies each and every

11  allegation contained therein.

12      23.    As to paragraph 23 of Plaintiff's Complaint, Defendant denies each and every

13  allegation contained therein.

14      24.    As to paragraph 24 of Plaintiff's Complaint, this paragraph contains Plaintiff's

15  allegations paraphrasing the statutory language of U.S.C. § 12183(a) to which no response is

16  required.  To the extent a response is required, Defendant denies each and every allegation

17  contained therein, except to refer to the language of the referenced statute, which speaks for

18  itself.

19      25.    As to paragraph 25 of Plaintiff's Complaint, Defendant denies each and every

20  allegation contained therein.

21      26.    As to paragraph 26 of Plaintiff's Complaint, Defendant denies each and every

22  allegation contained therein.

23      27.    As to paragraph 27 of Plaintiff's Complaint, this paragraph contains Plaintiff's

24  allegations paraphrasing the statutory language of U.S.C. § 12183(a) to which no response is

25  required.  To the extent a response is required, Defendant denies each and every allegation

26  contained therein, except to refer to the language of the referenced statute, which speaks for

27  itself.

28      28.    As to paragraph 28 of Plaintiff's Complaint, Defendant denies each and every

1   allegation contained therein.

2        29.    As to paragraph 29 of Plaintiff's Complaint, this paragraph contains Plaintiff's

3   allegations paraphrasing the statutory language of U.S.C. § 12182(b) to which no response is

4   required. To the extent a response is required, Defendant denies each and every allegation

5   contained therein, except to refer to the language of the referenced statute, which speaks for

6   itself.

7        30.    As to paragraph 30 of Plaintiff's Complaint, Defendant denies each and every

8   allegation contained therein.

9        31.    As to paragraph 31 of Plaintiff's Complaint, this paragraph constitutes Plaintiff's

10  request for relief to which no response is required. To the extent a response is required,

11  Defendant denies each and every allegation contained therein.

12       32.    As to paragraph 32 of Plaintiff's Complaint, this paragraph constitutes Plaintiff's

13  request for relief to which no response is required. To the extent a response is required,

14  Defendant denies each and every allegation contained therein.

15       33.    As to paragraph 33 of Plaintiff's Complaint, Defendant incorporates its responses

16  to Paragraphs 1 through 30 of Plaintiff's Complaint herein as if separately pleaded.

17       34.    As to paragraph 34 of Plaintiff's Complaint, this paragraph contains Plaintiff's

18  allegations paraphrasing the statutory language of California Civil Code § 54 to which no

19  response is required. To the extent a response is required, Defendant denies each and every

20  allegation contained therein, except to refer to the language of the referenced statute, which

21  speaks for itself.

22       35.    As to paragraph 35 of Plaintiff's Complaint, this paragraph contains Plaintiff's

23  allegations paraphrasing the statutory language of California Civil Code § 54.1 to which no

24  response is required. To the extent a response is required, Defendant denies each and every

25  allegation contained therein, except to refer to the language of the referenced statute, which

26  speaks for itself.

27       36.    As to paragraph 36 of Plaintiff's Complaint, this paragraph contains Plaintiff's

28  allegations paraphrasing the statutory language of California Civil Code § 54 to which no

1   response is required. To the extent a response is required, Defendant denies each and every

2   allegation contained therein, except to refer to the language of the referenced statute, which

3   speaks for itself.

4         37.    As to paragraph 37 of Plaintiff's Complaint, Defendant denies each and every

5   allegation contained therein.

6         38.    As to paragraph 38 of Plaintiff's Complaint, this paragraph constitutes Plaintiff's

7   request for relief to which no response is required. To the extent a response is required,

8   Defendant denies each and every allegation contained therein.

9         39.    As to paragraph 39 of Plaintiff's Complaint, this paragraph constitutes Plaintiff's

10  request for relief to which no response is required. To the extent a response is required,

11  Defendant denies each and every allegation contained therein.

12        40.    As to paragraph 40 of Plaintiff's Complaint, Defendant incorporates its responses

13  to Paragraphs 1 through 30 of Plaintiff's Complaint herein as if separately pleaded.

14        41.    As to paragraph 41 of Plaintiff's Complaint, this paragraph contains Plaintiff's

15  allegations paraphrasing the statutory language of California Civil Code § 51 to which no

16  response is required. To the extent a response is required, Defendant denies each and every

17  allegation contained therein, except to refer to the language of the referenced statute, which

18  speaks for itself.

19        42.    As to paragraph 42 of Plaintiff's Complaint, this paragraph contains Plaintiff's

20  allegations paraphrasing the statutory language of California Civil Code § 51 to which no

21  response is required. To the extent a response is required, Defendant denies each and every

22  allegation contained therein, except to refer to the language of the referenced statute, which

23  speaks for itself.

24        43.    As to paragraph 43 of Plaintiff's Complaint, this paragraph contains Plaintiff's

25  allegations paraphrasing the statutory language of California Civil Code § 51 to which no

26  response is required. To the extent a response is required, Defendant denies each and every

27  allegation contained therein, except to refer to the language of the referenced statute, which

28  speaks for itself.

44. As to paragraph 44 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

45. As to paragraph 45 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

46. As to paragraph 46 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

47. As to paragraph 47 of Plaintiff's Complaint, this paragraph constitutes Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

48. As to paragraph 48 of Plaintiff's Complaint, Defendant incorporates its responses to Paragraphs 1 through 13 of Plaintiff's Complaint herein as if separately pleaded.

49. As to paragraph 49 of Plaintiff's Complaint, this paragraph contains Plaintiff's allegations paraphrasing the statutory language of Health & Safety Code § 19955 to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein, except to refer to the language of the referenced statute, which speaks for itself.

50. As to paragraph 50 of Plaintiff's Complaint, this paragraph contains Plaintiff's allegations paraphrasing the statutory language of Health & Safety Code § 19959 to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein, except to refer to the language of the referenced statute, which speaks for itself.

51. As to paragraph 51 of Plaintiff's Complaint, this paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies each and every allegation.

52. As to paragraph 52 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

The remainder of Plaintiff's Complaint contains Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendant denies each and every

allegation contained therein.

Except as expressly admitted above, Defendant denies each and every allegation contained in Plaintiff's Complaint.

As and for separate and distinct affirmative defenses to Plaintiff's Complaint on file herein, Defendant alleges as follows:

### FIRST SEPARATE DEFENSE

1.    Plaintiff fails to state facts sufficient to state a claim upon which relief may be granted against Defendant.

### SECOND SEPARATE DEFENSE

2.    Plaintiff failed, as continues to fail, to take responsible steps to mitigate her damages.

### THIRD SEPARATE DEFENSE

3.    Plaintiff lacks standing.

### FOURTH SEPARATE DEFENSE

4.    Plaintiff's claims for damages are due, if at all, to the wrongful conduct of others.

### FIFTH SEPARATE DEFENSE

5.    The accommodation requested by Plaintiff is not readily achievable.

### SIXTH SEPARATE DEFENSE

6.    Plaintiff did not encounter any physical barriers.

### SEVENTH SEPARATE DEFENSE

7.    The accommodation requested by Plaintiff would result in undue burden.

### EIGHTH SEPARATE DEFENSE

8.    Plaintiff's claims are barred by the doctrine of laches.

### NINTH SEPARATE DEFENSE

9.    Plaintiff's claims are barred by the doctrine of estoppel.

### TENTH SEPARATE DEFENSE

10.    Plaintiff's claims are barred by the doctrine of waiver.

///

## ELEVENTH SEPARATE DEFENSE

11. Plaintiff was partially, if not wholly, negligent or otherwise at fault and should be barred from recovery of that portion of the damages directly attributable to his proportionate share of the negligence or fault, pursuant to the doctrine of comparative negligence.

## TWELFTH SEPARATE DEFENSE

12. If Defendant is responsible in any respect for any injuries or damages suffered by Plaintiff, which Defendant expressly denies, such injuries or damages have been caused by or contributed to by others, and Defendant's proportional liability, if any, should be reduced to the extent thereof.

## THIRTEENTH SEPARATE DEFENSE

13. Defendant did not intentionally impede or impair access to Plaintiff.

WHEREFORE, Defendant respectfully requests:

1. That Plaintiff take nothing by way of his Complaint;

2. That Plaintiff's Complaint be dismissed in its entirety with prejudice;

3. That Defendant be granted reasonable attorneys' fees, costs and expenses; and

4. That the Court award such other and further relief as it deems just and proper.

DATED: August 28, 2008

BURNHAM BROWN

CATHY L. ARIAS
Attorneys for Defendant
JILL LINDSTEDT dba MCDONALD'S #1557

882318

| Re: | Barbara Hubbard v. Jill Lindstedt dba McDonald's #1557, et al. |
|---|---|
| Court: | United States District Court, Southern District of California |
| Action No: | 08 CV 1110 DMS BLM |

## PROOF OF SERVICE

I declare that I am over the age of 18, not a party to the above-entitled action, and am an employee of Burnham Brown whose business address is 1901 Harrison Street, 11th Floor, Oakland, Alameda County, California 94612 (mailing address: Post Office Box 119, Oakland, California 94604).

On August 28, 2008, I served the following document(s) in the following manner(s):

**DEFENDANT JILL LINDSTEDT dba McDONALD'S #1557 ANSWER TO PLAINTIFF BARBARA HUBBARD'S COMPLAINT**

☒    **MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon on the date and place shown below following ordinary business practice. I am familiar with this business' practice for collecting and processing documents for mailing. On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

Lynn Hubbard, III
DISABLED ADVOCACY GROUP, APLC
12 Williamsburg Lane
Chico, CA 95926
Tel:  (503) 895-3252
Fax: (530) 894-8244
E-mail: usdcso@hubslaw.com

Attorneys for Plaintiff,
BARBARA HUBBARD

Richard J. Bergstrom
MORRISON & FOERSTER, LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92130
Tel:  (858) 720-5100
Fax: (858) 720-5125
E-mail: rbergstrom@mofo.com

Attorneys for Defendant,
McDONALD'S CORPORATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE:    August 28, 2008

Kellie L. Cabico

877714

---

PROOF OF SERVICE                                     CASE NO. 08 CV 1110 DMS BLM